Paul VELIZ; et al., Plaintiffs—Appellees

v.

CINTAS CORPORATION, an Ohio corporation, Defendant—Appellant

and

Plan Administrator for the Cintas Partners' Plan, Defendant.

Paul Veliz; et al., Plaintiffs—Appellants

v.

Cintas Corporation, an Ohio corporation, Defendant—Appellee.

Nos. 07–15009, 07–16645.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 3, 2007.

Filed April 8, 2008.

Before: D.W. NELSON, REINHARDT, and BEA, Circuit Judges.

MEMORANDUM *

These consolidated appeals arise from proceedings in the district court related to the arbitration over the *Veliz* plaintiffs'

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

overtime claims. The complicated facts and procedural history are known to the parties, and we recite them only as necessary.

In appeal No. 07–16645, the *Veliz* plaintiffs appeal the district court's order confirming in part and vacating in part the arbitrator's award. We vacate and remand.

On December 5, 2006, the district court issued an order remanding to the arbitrator for clarification of his clause construction award. In its remand order, the district court made an error of law. It stated, under the doctrine of *functus officio*, the court "could not allow the arbitrator to 'redetermine an issue which he has already decided.'" We note that four of the five arbitration agreements covering the *Veliz* plaintiffs include clauses permitting the arbitrator to reconsider a prior decision. Given the presence of these reconsideration clauses, the issue of whether the agreements permitted the arbitrator to issue a new award covering any or all of the plaintiffs was a question of contract interpretation for the arbitrator to decide, rather than the district court. The district court erred by deciding the issue for the arbitrator.

The arbitrator was bound by the district court's erroneous determination. *See* American Arbitration Association, Supplementary Rules for Class Arbitrations, Rule 1(c), available at http://www.adr.org/sp.asp?id=21936. In reliance on the district court's ruling, the arbitrator issued an order on May 7, 2007, in which he determined he could not reconsider the clause construction award, although he believed he had decided some of the issues incorrectly and although he recognized many of the arbitration agreements contained reconsideration clauses. The arbitrator clearly stated he wished to reconsider his prior award, but was unable to because of the district court's determination he was *functus officio*.

Thus, the arbitrator's final award was premised on the district court's erroneous ruling that he could not reconsider his prior rulings. Accordingly, we vacate the district court's December 5, 2006 order and its September 5, 2007 order confirming in part and vacating in part the arbitrator's award. *See Green Tree Financial Corp. v. Bazzle,* 539 U.S. 444, 454, 123 S.Ct. 2402, 156 L.Ed.2d 414 (2003) (plurality) ("[T]here is at least a strong likelihood ... the arbitrator's decision reflected a court's interpretation of the contracts rather than an arbitrator's interpretation. That being so, we remand the case so that the arbitrator may decide the question of contract interpretation.") We remand with instructions to the district court to remand to the arbitrator for *de novo* consideration. The arbitrator should determine in the first instance whether he has the authority to reconsider his prior award as to any or all the plaintiffs, and if so, whether to redetermine his final award. *See Troy Chem. Corp. v. Teamsters Union Local No. 408,* 37 F.3d 123, 128 (3d Cir. 1994) (vacating the district court's entry of summary judgment on declaratory judgment action where the district court erroneously determined a procedural question which should have been left for the arbitrator, and remanding to the district court with instructions to return the case to the arbitrator for *de novo* consideration); *see also Bazzle,* 539 U.S. at 454, 123 S.Ct. 2402. On remand, the arbitrator is not bound to follow the district court's view whether the plaintiffs have the ability to proceed on a class or collective basis. Rather, he is free to exercise the full extent of his authority under the arbitration agreements.

In appeal No. 07–15009, Cintas appeals the district court's order holding the *Veliz*

plaintiffs' motion to confirm in part and vacate in part the arbitrator's award was timely filed. There is no dispute, however, that Cintas timely filed its own motion to confirm in part and vacate in part the arbitrator's award, and that plaintiffs timely appealed the district court's final judgment on Cintas's said motion. The district court's final judgment is properly before us. We vacate the district court's final judgment and remand with instructions to remand to the arbitrator; accordingly, there is no final award from the arbitrator in this case. Thus, Cintas's challenge to the timeliness of plaintiffs' motion to confirm in part and vacate in part the arbitrator's prior award is denied as moot.

**VACATED AND REMANDED.**